UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-   1:04-CR-213
                                                         (LEK)

RICHARD KEITH RICHARDSON,

                  Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I. Background**

On September 22, 2004, Defendant Richard Keith Richardson ("Defendant") appeared before this Court for sentencing subsequent to pleading guilty to a single count Indictment charging him with Aggravated Illegal Re-Entry into the United States after Deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2).  Indictment (Dkt. No. 1); Minute Entry (Dkt. No. 13).  At sentencing, the Court found the Total Offense Level to be 21, the Criminal History Category to be III, and the Sentencing Guidelines imprisonment range to be forty-six to fifty-seven months.  Minute Entry (Dkt. No. 13) at 2.  The Court sentenced Defendant to a term of forty-six months imprisonment, to be followed by three years of supervised release, and a special assessment of one hundred ($100.00) dollars.  Id. at 2-4.  At that time, the Court indicated that in the event the Sentencing Guidelines were found unconstitutional, Defendant would be sentenced to a term of twenty-four months.  Id. at 5; Judgment (Dkt. No. 14).

Defendant appealed his judgment of conviction to the Court of Appeals for the Second Circuit, and he moved to remand the case to this Court for consideration of resentencing.  Mandate

(Dkt. No. 22). The Court of Appeals granted that motion in light of United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to the mandate, this Court must consider whether to resentence Defendant. If after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, the Court finds that it would have imposed a materially different sentence, resentencing of Defendant is required. Crosby, 397 F.3d at 120. For the following reasons, the Court will resentence Defendant and impose a sentence of twenty-four months imprisonment, to be followed by three years of supervised release, and a special assessment of one hundred ($100.00) dollars. As this sentence is a non-Guidelines sentence, this written opinion is issued pursuant to 18 U.S.C. § 3553(c)(2) to explain with specificity the reasons for imposing a sentence outside of the Guidelines range.

## II. Discussion

In Booker, the United States Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 ("SRA") mandating the application of the Sentencing Guidelines, to remedy the Sixth Amendment violations contained within the SRA. Booker, 125 S.Ct. at 756-57. The Second Circuit provided considerable guidance to district courts in United States v. Crosby, including the instruction that, when determining whether to resentence and when resentencing, district courts are obligated to consider the Sentencing Guidelines in conjunction with the other factors listed in 18 U.S.C. § 3553(a). United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

Since the issuance of the Second Circuit's mandate in this case, the Court has reviewed all pertinent information, including, but not limited to, the Presentence Investigation Report;

submissions presented by counsel subsequent to remand by the Second Circuit; the overall sentencing factors outlined in 18 U.S.C. § 3553, which considers the nature of the offense, Defendant's criminal record and personal characteristics; the Sentencing Guidelines range, which the Court again adopts as set forth and scored in the Presentence Investigation Report; and relevant case law, specifically <u>Booker</u>, <u>Fanfan</u>, and <u>Crosby</u>. The Court makes all findings now as it did at the original sentencing.

The Court imposes a non-Guidelines sentence of twenty-four months for the following reasons. First, the Criminal History Category of III over represents Defendant's past criminal conduct, as it is based on a single prior felony conviction resulting from an arrest in 1988, at which time the Defendant was just seventeen years old. Second, Defendant's parents emigrated from Jamaica to the United States for a better life when Defendant was eight years old, and brought their son (the Defendant) to this country when he was just eleven years old, placing some merit to a cultural assimilation argument. Defendant has since primarily resided in the United States, excluding his prior deportation, and has had strong family ties to the United States since his youth.

These factors, taken into consideration with relevant statutory requirements and case law, warrant a sentence of twenty-four months imprisonment, followed by three years of supervised release, and a one hundred ($100.00) dollar special assessment.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant Richard Keith Richardson is **RESENTENCED** to a term of **TWENTY-FOUR MONTHS IMPRISONMENT**, to be followed by **THREE YEARS of SUPERVISED RELEASE**, and a **SPECIAL ASSESSMENT of ONE HUNDRED ($100.00) DOLLARS**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

DATED:   October 28, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge